IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| GINA M SPAIN,<br><br>                    Plaintiff,<br><br>vs.<br><br>LOWELL McMILLAN,<br><br>                    Defendant. | Case No. CV04-280-N-EJL<br><br>MEMORANDUM DECISION & ORDER |

      Plaintiff has moved for partial summary judgment on each of the affirmative defenses raised in Defendant's Answer, arguing that there is no basis in fact or law for any of the defenses. Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002). However, Federal Rule of Civil Procedure 56 "must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Therefore, if a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is "entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

MEMORANDUM DECISION & ORDER - Page 1
05ORDERS\SPAIN_PSJ

While the Defendant concedes that a statute of limitations defense is not applicable in this case, he continues to advance affirmative defenses based on lack of jurisdiction and improper venue. These matters, however, were previously litigated, and the Court's Order of November 8, 2004 demonstrates why there is no basis in law or fact to support these defenses. Therefore, summary judgment will be granted in favor of Plaintiff on the Defendant's affirmative defenses based on statute of limitations, lack of jurisdiction and improper venue.

Similarly, in its Order of March 2, 2005, wherein Plaintiff was granted leave to file an Amended Complaint alleging punitive damages, the Court implicitly rejected the notion that Plaintiff had failed to allege legally sufficient causes of action in the Amended Complaint. Defendant's affirmative defense based on failure to state a claim therefore must also be dismissed.

The last disputed affirmative defense concerns the alleged failure of Plaintiff to set forth a sufficient basis to justify an award of special damages. Because the issue of damages will be more fully developed at trial, the Court believes it prudent to make a determination as to this matter at that time.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment (docket no. 34) is **GRANTED in part and DENIED in part** as follows: except for the Defendant's special damages defense, summary judgment is granted in favor of Plaintiff on Defendant's affirmative defenses; summary judgment is denied on Defendant's special damages defense.

DATED: **June 7, 2005**

Honorable Edward J. Lodge
U. S. District Judge