MERIWETHER D. (MIKE) WILLIAMS
ISB NO. 6619
KEVIN J. CURTIS
KAMMI L. MENCKE
WINSTON & CASHATT
250 Northwest Boulevard, Suite 107A
Coeur d'Alene, Idaho  83814
Telephone:  (208) 667-2103
Facsimile:  (208) 765-2121
E-mail:  mdw@winstoncashatt.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT, DISTRICT OF IDAHO,
NORTHERN DIVISION

| | |
|---|---|
| GINA M. SPAIN,<br><br>                         Plaintiff,<br><br>vs.<br><br>LOWELL McMILLAN,<br><br>                         Defendant. | Case No. CIV 04-280-N-EJL<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REGISTER JUDGMENT |

**1.   Relief Requested.**

In accordance with 28 U.S.C. 1963, Plaintiff Gina Spain requests that she be given leave to immediately register the Judgment issued by this court in other Districts and States, as necessary to enforce.

**2.   Basis.**

28 U.S.C. 1963 provides that a judgment entered in any district court may be registered for enforcement in any other district, when (1) the judgment has become final by appeal; or (2) upon

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO REGISTER JUDGMENT -- 1

LAW OFFICES OF
Winston & Cashatt
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

expiration of the time for appeal; or (3) <u>immediately, when ordered by the court that entered the judgment, for good cause shown</u>. 28 U.S.C. §1963. Immediate registration permits the plaintiff to enforce the judgment against the property the defendant holds in other jurisdictions, and prevent the defendant from secreting his property outside the jurisdiction. A district court may issue an order certifying a judgment for registration in any other district even during the pendency of an appeal upon a finding of good cause. <u>Columbia Pictures Industries, Inc., v. Krypton Broadcasting of Birmingham, Inc.</u>, 259 F.3d 1186, 1197 (9th Cir. 2001).

Prior to the 1988 revision in Section 1963, registration of a judgment was not permitted in any other district until the judgment had become final by appeal or expiration of the time for appeal. However, this allowed the judgment-debtor to take advantage of the delay created by the appeal process and deprive the judgment-creditor of any immediate liens on property in other districts until the appeal process in the judgment district was completed. Essentially, "[section] 1963 enabled a judgment-debtor who possessed insufficient assets in the forum state, yet who nonetheless possessed sufficient assets in a foreign jurisdiction, to effectively cease registration and execution on the judgment by simply filing an appeal and invoking the safeguards of 28 U.S.C. [section] 1963." <u>Associated Business Telephone Corp. v. Greater Capital Corp.</u>, 128 F.R.D. 63, 65 (D.N.J. 1989). The primary purpose of the 1988 amendment was to provide the courts with the opportunity to alleviate the potential enforcement problems associated with this type of legal maneuvering by the judgment-debtor. <u>See</u>, Official Commentary on 1988 Revision, 28 U.S.C.A. §1963.

As a result, the "good cause" language was added to the statute, and courts may now find that the absence of assets in the judgment forum, coupled with the presence of assets in the registration forum, constitutes good cause sufficient to satisfy §1963. <u>Id.</u>; <u>Associated Business Telephone</u>

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO REGISTER JUDGMENT -- 2

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

Systems Corp., 128 F.R.D. 63 (D.N.J. 1989); Johns v. Rozet, 143 F.R.D. 11 (D.D.C. 1992). Moreover, if a defendant does appeal, sufficient good cause exists when the defendant fails to post a supersedeas bond in accordance with Fed. R. Civ. P. 62(d). Johns, 143 F.R.D. at 13; see Chicago Downs Ass'n v. Chase, 944 F.2d 366 (7th Cir. 1991).

Here, pre-trial discovery and testimony at trial demonstrates that defendant lacks property sufficient in the judgment district to satisfy the judgment, has assets in other jurisdictions, and has failed to obtain a formal stay of the judgment pending appeal by posting a supersedeas bond in accordance with Federal Rules of Civil Procedure 62(d). F.R.C.P. 62(d). **(Aff. of Kevin J. Curtis)**. The "good cause" showing required by 28 U.S.C. 1963(3) has been met by plaintiff.

The purpose and policy of the 1988 revision, which allows immediate registration of the judgment in circumstances such as this, would be frustrated if defendant is allowed to delay registration through the appeal process and deny plaintiff the opportunity to lien property in states where he has assets. This is precisely the type of legal maneuvering the 1988 provision was designed to prevent.

**3. Conclusion.**

Plaintiff requests that immediate registration of the district court's judgment in other districts should be granted pursuant to 28 U.S.C. § 1963.

DATED this 26th day of October, 2005.

/s MERIWETHER D. (MIKE) WILLIAMS, ISB No. 6619
KEVIN J. CURTIS
KAMMI L. MENCKE
WINSTON & CASHATT
Attorneys for Plaintiff

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO REGISTER JUDGMENT -- 3

LAW OFFICES OF
Winston & Cashatt
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

I hereby certify that on the 26th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Frederick G. Loats at fgloats@verizon.net.

/s MERIWETHER D. (MIKE) WILLIAMS, ISB No. 6619
WINSTON & CASHATT
Attorneys for Plaintiff

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO REGISTER JUDGMENT -- 4

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121