MERIWETHER D. (MIKE) WILLIAMS
ISB NO. 6619
KEVIN J. CURTIS
KAMMI L. MENCKE
WINSTON & CASHATT
250 Northwest Boulevard, Suite 107A
Coeur d'Alene, Idaho  83814
Telephone:  (208) 667-2103
Facsimile:  (208) 765-2121
E-mail:  mdw@winstoncashatt.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT, DISTRICT OF IDAHO,
NORTHERN DIVISION

| | |
|---|---|
| GINA M. SPAIN,<br><br>                           Plaintiff,<br><br>    vs.<br><br>LOWELL McMILLAN,<br><br>                           Defendant. | Case No. CIV 04-280-N-EJL<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO REGISTER JUDGMENT |

Defendant cites no statutory authority or case law in support of Defendant's position that immediate registration should not be allowed.  The 1988 revision to 28 U.S.C. §1963 which added subsection (3), was specifically adopted to allow immediate registration in a case like this, i.e. where a judgment debtor possesses insufficient assets in the forum state but possesses substantial assets in a foreign jurisdiction.  <u>See</u>, Official Commentary on 1988 Revision, 28 U.S.C.A. §1963.

PLAINTIFF'S REPLY TO DEFENDANT'S
OBJECTION TO PLAINTIFF'S MOTION TO
REGISTER JUDGMENT
PAGE 1

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

Contrary to defendant's assertion, the absence of assets in the judgment forum, combined with the presence of assets in the registration forum, has specifically been held to constitute good cause to satisfy §1963.  <u>Associated Business Telephone Corp. v. Greater Capital Corp.</u>, 128 FRD 63, 65 (D.N.J. 1989).  The cases cited by defendant were decided prior to the 1988 Amendment, and as such, do not speak to the good cause exception of subsection (3).  Defendant's argument that "good cause" must mean more has no support in case law, and indeed, no authority is cited by Defendant for this proposition.

Defendant concedes that the majority of his assets are in another jurisdiction, Montana, and that there are insufficient assets in Idaho to satisfy the judgment. (Defendant's Memorandum in Opposition, p. 2).  28 U.S.C. §1963 was specifically amended in 1988 to allow for immediate registration under the fact pattern present in this case and good cause exists.

**CONCLUSION**

Plaintiff requests that immediate registration of the district court judgment in other districts be ordered pursuant to 28 U.S.C. §1963.

DATED this 29th day of November, 2005.

/s MERIWETHER D. (MIKE) WILLIAMS, ISB No. 6619
KEVIN J. CURTIS
KAMMI L. MENCKE
WINSTON & CASHATT
Attorneys for Plaintiff

PLAINTIFF'S REPLY TO DEFENDANT'S
OBJECTION TO PLAINTIFF'S MOTION TO
REGISTER JUDGMENT
PAGE 2

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

1
2   I hereby certify that on the 29th day of November, 2005, I electronically filed the foregoing with
3   the Clerk of the Court using the CM/ECF System which will send notification of such filing to
    the following:  Frederick G. Loats at fgloats@verizon.net.
4
5   /s MERIWETHER D. (MIKE) WILLIAMS, ISB No. 6619
    WINSTON & CASHATT
6   Attorneys for Plaintiff
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
    PLAINTIFF'S REPLY TO DEFENDANT'S
    OBJECTION TO PLAINTIFF'S MOTION TO
    REGISTER JUDGMENT
    PAGE 3

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121