IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GINA M SPAIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LOWELL McMILLAN,<br><br>　　　　　　Defendant. | )<br>)<br>) Case No. CV04-280-N-EJL<br>)<br>) ORDER<br>)<br>)<br>)<br>) |

　　　　Currently pending before the Court in the above-entitled action are several post-trial motions. Initially these motions were referred to the Honorable Judge James M. Fitzgerald. The referral recently was withdrawn and this Court has now reviewed the transcript of the oral argument of January 27, 2006, as well as the parties' submissions. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by further proceedings, this matter shall be decided on the record before this Court without a hearing.

**Discussion**

1. **Plaintiff's Motion to Register Judgment**

　　　　Plaintiff moves to immediately register the Amended Judgment in accordance with 28 U.S.C. § 1963. Section 1963 "permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of 'good cause.' " Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001). Plaintiff asserts that there is good cause for immediately registering the judgment because Defendant possesses insufficient assets in this district to satisfy the judgment but owns real property and personal assets

elsewhere. (Aff. of Kevin J. Curtis in Supp.). Defendant objects to the granting of Plaintiff's motion when post-trial matters are pending and the judgment is not final.

With entry of this Order, however, all post-trial motions will have been resolved. Furthermore, Plaintiff has satisfied the § 1963 good cause requirement for registration of the judgment prior to completion of the appeal "by showing that the defendant has substantial property in the other district and insufficient assets in the rendering district to satisfy the judgment." Associated Business Telephone Systems Corp. v. Greater Capital Corp., 128 F.R.D. 63, 67 (D.N.J. 1989) (quoting Commentary to the 1988 amendment to § 1963 (Siegel, Commentary to 1988 Revision, 28 U.S.C. 1963 (West Supp. 1989)); Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d at 1197 ("[T]he courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum."). Accordingly, the Court will grant Plaintiff's motion and enter an order certifying the Amended Judgment for registration.

**2. Plaintiff's Motion for Attorneys' Fees**

The Idaho statutes authorizing this action also provide for an award of reasonable attorneys' fees to the prevailing party. Idaho Code § 6-1703. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Jordan v. Multnomah County, 815 F.2d 1258, 1262 & n.5 (9th Cir. 1987) (explaining method to arrive at "lodestar" figure). Plaintiff's counsel submits documentation to demonstrate that 1174 hours were reasonably expended on this matter at a reasonable hourly rate for attorneys Meriwether Williams, Kevin Curtis and Beverly Anderson, for a total lodestar figure of $238,832.00.

Defendant does not object to the specific hours claimed or hourly rate charged, but instead argues that the jury award "of punitive damages constitutes a monetary award that fully accounts for attorney fees." (Def.'s Objection 1). This contention, however, is not supported by any citation to authority. Having independently researched the issue, the Court finds no limitation in the authorizing statutes or case law to preclude an award of attorneys' fees to a prevailing plaintiff in

a case where the jury also awards the plaintiff punitive damages. The Court, therefore, denies Defendant's objection.

Plaintiff requests that the Court use a multiplier of 2 on the $238.832.00 attorneys' fee amount to adjust the lodestar figure to reflect the "risks a plaintiff's counsel undertakes in a contingency fee case." (Mem. in Supp. 8-9; Aff. of Meriwether D. Williams in Supp ¶¶ 17-20, ). However, it is improper to enhance the lodestar amount because payment to the lawyer is contingent.[1] City of Burlington v. Dague, 505 U.S. 557, 565-67 (1992). The contingent nature of the fee agreement is among the subsumed factors taken into account in the reasonable rate component of the lodestar calculation.[2] Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). And, in any event, while the Court finds the lodestar figure in this case is reasonable; the addition of a multiplier would, in the Court's opinion, make the attorney fee award unreasonable.[3]

### Order

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. Defendant's Motion for Stay of Judgment Pursuant to Rule 62(b) is **DENIED** as moot;

2. Plaintiff's Motion to Immediately Register Judgment (docket no. 133) is **GRANTED** as follows: after the expiration of the time period set forth in Federal Rule of Civil Procedure 62(a), the Court certifies the Amended Judgment for registration in accordance with 28 U.S.C. § 1963; and

---

[1] The contingency factor announced in Kerr v. Screen Extras Guild, 526 F.2d 67 (9th Cir.1975), has been overruled. See, e.g., Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir.1993).

[2] State law may be referenced to calculate the attorneys' fee award. Mangold v. Calif. Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir.1995). Plaintiff notes that I.R.C.P. 54(e)(3) sets forth factors for the calculation of attorneys' fees that is "virtually identical" to factors applied by the federal courts and then cites federal law thereafter. (Mem. in Supp. 8-9). The Court finds nothing in the state law guidelines that would change the result reached in this case.

[3] The Court, therefore, concludes that the present case does not represent one of those rare instances where the lodestar figure should be adjusted on the basis of other considerations. Harris v. Marhoefer, 24 F.3d 16, 18 (1994).

ORDER - Page 3
06ORDERS\SPAIN_ORD

3. Plaintiff's Motion for Attorneys' Fees (docket no. 129) is **GRANTED in part and DENIED in part** as follows: The Court awards attorneys' fees in favor of Plaintiff in a total amount of $238,832.00.

DATED: **June 20, 2006**

Honorable Edward J. Lodge
U. S. District Judge

ORDER - Page 4
06ORDERS\SPAIN_ORD